IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY GOOD, | : | CIVIL ACTION |
|               PLAINTIFF, | : | |
| | : | NO. |
| VS. | : | |
| | : | |
| ENVIRONMENTAL ENERGY | : | |
| RECYCLING CORP., GREEN WORKS | : | |
| HOLDINGS, LLC, DAVE DUNHAM, | : | |
| RALPH TOMMASO, | : | |
| GREGORY PAGLIANITE, and | : | |
| DEBORAH SPINOSA, | : | |
|               DEFENDANTS. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Sherry Good (hereinafter "Good" or "Plaintiff"). Plaintiff was an employee of the Environmental Energy Recycling Corp., And/Or Green Works Holdings, LLC of Allentown, Pennsylvania, who have been harmed by the sex-based harassment, sex-based discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*, The Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. § 951 *et seq.* and Pennsylvania common law.

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201,

2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), *et seq.*

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiffs' claims arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 *et seq.* and under Pennsylvania common law.

3. All conditions precedent to the institution of this suit have been fulfilled.

4. On July 30, 2012, Plaintiff filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against Defendants Greenworks, and Defendants Dunham, Tommaso, Paglianite and Spinosa (the "Individual Defendants") alleging, *inter alia* sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment and retaliation.

5. On May 7, 2013, the U.S. Equal Employment Opportunity Commission issued Notices of Right to Sue to Plaintiff.

6. More than one year has elapsed since the filing of the Complaint with the PHRC.

7. This Complaint has been filed within ninety (90) days of receipt of the Notices of Right to Sue.

### III. PARTIES

8. Plaintiff, Sherry Good is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing in Kempton, Pennsylvania. Plaintiff was at all times pertinent hereto employed as a Risk Manager/Fleet Manager with Greenworks.

9. Defendant, Environmental Energy Recycling Corp., is a Pennsylvania Corporation or other business association authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, and doing business as Greenworks, with a principal place of business in Bethlehem, Pennsylvania.

10. Defendant, Greenworks Holdings, LLC, is a Pennsylvania Corporation or other business association authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, and doing business as Greenworks, with a principal place of business in Allentown, Pennsylvania.

11. At all times material hereto, Defendant Greenworks Holdings was the parent company of Defendant EERC.

12. Corporate Defendants are hereinafter referred to jointly as Greenworks.

13. At all relevant times, Defendant Employer has continuously been and is now a Corporation doing business in the State of Pennsylvania and continuously had at least fifteen (15) employees.

14. At all times relevant hereto, Greenworks has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

15. At all times relevant hereto, The Corporate Defendants owned, operated, controlled and managed their business by and through the conduct of its/their officers, managers, agents and employees, all acting within the scope and course of their employment, including but not limited to the Individual Defendants named herein.

16. Defendant, Dave Dunham, (hereinafter "Dunham") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Dunham was an owner, shareholder, Manager and Supervisory Employee of the Corporate Defendants. In that capacity he was Plaintiff's direct supervisor. At all times relevant hereto, Defendant Dunham was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the scope, course and authority of her employment with his employer. At all times relevant, Dunham was acting in his supervisory and personal capacity.

17. Defendant, Ralph Tommaso, (hereinafter "Tommaso") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Tommaso was an owner, shareholder, Manager and Supervisory Employee of the Corporate Defendants. In that capacity he was Plaintiff's direct supervisor. At all times relevant hereto, Defendant Tommaso was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the scope, course and authority of her employment with his employer. At all times relevant, Tommaso was acting in his supervisory and personal capacity.

18. Defendant, Gregory Paglianite, (hereinafter "Paglianite") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Paglianite was a Manager and Supervisory Employee of the Corporate Defendants. In that capacity he was Plaintiff's direct supervisor. At all times relevant hereto, Defendant Paglianite was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the

scope, course and authority of her employment with his employer  At all times relevant, Paglianite was acting in his supervisory and personal capacity.

19. Defendant, Deborah Spinosa, (hereinafter "Spinosa") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Spinosa was a Manager and Supervisory Employee of the Corporate Defendants. In that capacity she was Plaintiff's direct supervisor. At all times relevant hereto, Defendant Spinosa was an agent, servant, workman and/or employee of Defendant Greenworks, acting and or failing to act within the scope, course and authority of her employment with his employer  At all times relevant, Spinosa was acting in his supervisory and personal capacity.

20. Defendant Greenworks has, acting through its agents, servants and representatives including the individual Defendants, on more than one occasion, met with Plaintiff, and have heard allegations from Plaintiff of sexual harassment and gender discrimination at Greenworks.

21. At all relevant times herein, Defendants knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

IV. **CAUSES OF ACTION**

22. Preceding Paragraphs 1 through 20 inclusive, are incorporated by reference as if fully set forth at length herein.

23. Plaintiff is a 47 year old Female.

24. In 2009, Plaintiff was hired by Defendants as Risk Manager/Fleet Manager.

25. Plaintiff held this position until she was discharged on or about February 3, 2012.

26. Her immediate supervisors were the Individual Defendants.
27. Up to and until the retaliatory acts leading to her termination, Plaintiff had a spotless employment file, with no written or verbal notations, warnings or reprimands. Plaintiff also had not missed a day of work in three years and her reviews were exemplary.

### A. Allegations Pertaining to Sex Discrimination

28. As of March 2011, Plaintiff endured constant and repeated sexual and gender harassment in the workplace from Dunham and Tommaso. This sexual harassment was constant, ongoing and severe. Without limitation Plaintiff was repeatedly told to
    i. suck Dave's cock;
    ii. Ralph constantly told Plaintiff had her job because she was "fucking Ralph";
    iii. she should wear certain jeans more often because they made her ass look good;
    iv. Plaintiff was told to get keys out from under show truck seat per Dave and Ralph and then they pulled out a cock ring;
    v. she was told she "looked good in tight jeans";
    vi. she was told to bend over because they liked when she did;
    vii. there were constant references made regarding hookers and strippers;
    viii. she was repeatedly being called a "cunt"; and she was repeatedly being called a "bitch".

## B. Allegations Pertaining to Whistleblowing Activity

29. Defendant Greenworks is in the business of recycling discarded cooking oil and processing it into biofuel.

30. Defendants operations are heavily subsidized by Federal and State funds.

31. In December of 2011 and/or January 2012, Plaintiff learned from a competitors phone call that Defendants had potentially produced false documentation in support of requests for Federal and State funding, in that the applications stated, *inter alia,* that Defendants were providing certain services that they were not in fact providing, and were rending other services through sub-contractors, while representing that they were performing the services themselves and/or had engaged in other shady dealings.

32. On or about early January of 2012, Plaintiff confronted Ralph Tomasso with these allegations and specifically that the Defendants had engaged in shady and illegal dealings. Subsequently, in a text message in February of 2012, Tomasso told Plaintiff "you crossed the line."

33. In January 2012, Defendant Paglianite told Plaintiff that Defendants no longer trusted her, and illegally demanded that she undergo a polygraph examination to "prove her loyalty."

34. Defendants in January also limited Plaintiff's access to Defendants computer system, which materially interfered with her ability to work.

35. On February 3, 2012, Defendants terminated Plaintiff's employment. Plaintiff's termination was for stated false and pretextual reasons.

### C. Allegations Pertaining to Retaliation

36. Plaintiff complained about the foregoing repeatedly to the Individual Defendants, and in retaliation, they harassed, threatened, ostracized, marginalized and froze-out Plaintiff from the workplace.

37. Plaintiff complained about this including telling the Individual Defendants and the Individual Defendants' in-house counsel Paglianite that she would retain legal counsel as to her harassment, retaliation and discrimination.

38. Subsequent to Plaintiff's firing, the FBI and EPA contacted Plaintiff regarding an investigation into Defendants improper dealings.

39. In response, in clear preparation for her retaliatory termination, Plaintiff was forced to sign a confidentiality and non-compete agreement on September 2, 2011.

40. In addition, Individual Defendants subsequently disabled Plaintiff's access to Individual Defendants' computers in January of 2012.

41. Individual Defendants shut Plaintiff out of the offices purporting to want her to "work from home".

42. In the last week of January 2011, Paglianite illegally tried to force Plaintiff to take a polygraph examination to prove her loyalty to the Individual Defendants' Company.

43. Just one week before her termination, Plaintiff again told Paglianite that she was going to retain legal counsel to protect her rights.

44. On February 3, 2012, Individual Defendants terminated Plaintiff for false and pretextual reasons.

45. Subsequent to her termination, Individual Defendants engaged in further retaliation by threatening Plaintiff and trying to silence Plaintiff with regard to numerous perceived violations and non-compliances by RESPONDENT with regard to their dealings with the federal government and related government grants.

46. Individual Defendants further engaged in post-termination retaliation by threatening to pursue Plaintiff with false charges and liabilities.

47. Plaintiff believes, and therefore avers, that Defendants created and/or permitted an intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal actions of Defendants.

48. Defendant Greenworks was responsible and liable for the conduct of its employees for subjecting Plaintiff to a sexually harassing employment and work environment and for failing to protect Plaintiff from Defendants' unlawful conduct.

49. As a direct result of Defendants' conduct, Plaintiff suffered and continues to suffer severe emotional, psychological and physical distress.

**COUNT I**
**PLAINTIFF**
**v.**
**GREENWORKS**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

50. Preceding Paragraphs 1 through 49 inclusive, are incorporated by reference as if fully set forth at length herein.

51. Based on the foregoing, Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq*. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a sexually hostile and offensive work environment, subjecting her to more onerous working conditions and treating Plaintiff in a disparate manner on the basis of sex.

52. In addition, Defendants does not maintain an effective policy against discrimination that is well known and publicized.

53. As a direct result of the aforesaid unlawful sex-based discriminatory employment practices engaged in by Defendant in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff's sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus including such back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

**COUNT II
PLAINTIFF
v.
GREENWORKS
<u>RETALIATION UNDER TITLE VII</u>**

54. Preceding Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55. Based on the foregoing, Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq* by taking the above stated adverse actions against Plaintiff in response to her complaints of sexual harassment and sex discrimination.

56. As a direct result of the aforesaid unlawful sex-based discriminatory employment practices engaged in by Defendant in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff's sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus including such back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

**COUNT III
PLAINTIFF
v.
GREENWORKS
<u>NEGLIGENCE UNDER TITLE VII</u>**

57. Preceding Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

58. Defendant negligently violated the provisions of Title VII in the following respects:

    a. Failure to implement an effective, well-known and uniformly enforced policy against sex discrimination;

    b. Failure to take any action reasonably calculated to remedy Plaintiff's complaints of sex discrimination;

c. Failure to impose any discipline upon their employees who had engaged in sex discrimination;

d. Failure to take reasonable actions to discover illegal discrimination by their employees;

e. Failure to take reasonable actions to prevent illegal discrimination, including but not limited to sex discrimination, from taking place; and

f. Failure to take reasonable actions and steps to prevent illegal retaliation in response to complaints and reporting of sex discrimination and other protected conduct, as set forth more particularly herein.

59. Defendant owed Plaintiff a duty in all of the respects set forth, but failed to perform each of those duties as set forth above.

60. As a direct, reasonable and foreseeable result of the negligence of Defendant, Plaintiff has suffered the injuries and damages set forth above.

**COUNT IV**
**PLAINTIFF**
**v.**
**GREENWORKS**
**43 Pa.C.S.A.§951, *et seq.***

61. Preceding Paragraphs 1 through 60 inclusive, are incorporated by reference as if fully set forth at length herein.

62. The unlawful actions of Defendant constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a sexually hostile and offensive work environment, retaliating against Plaintiff because of her expressed

opposition to sexually offensive conduct in the work place, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner on the basis of sex.

63. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiffs' in a discriminatory manner solely because of her sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus including such back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

**COUNT V
PLAINTIFF
v.
DAVE DUNHAM, RALPH TOMMASO, GREGORY PAGLIANITE
AND DEBRA SPINOSA
AIDING AND ABETTING LIABILITY UNDER THE
PENNSYLVANIA HUMAN RELATIONS ACT**

64. Preceding Paragraphs 1 through 63 inclusive, are incorporated by reference as if fully set forth at length herein.

65. Defendants were supervisory employees whose acts or omissions, as set forth above, aided and abetted the illegal discrimination, sexual harassment and assault of Defendant .

66. As a direct result of the acts or failures to act by Defendants Plaintiff was treated in a discriminatory manner solely because of her sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act.

67. Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

**COUNT VI**
**VIOLATION OF THE FALSE CLAIMS ACT**
**31 U.S.C. . §3730(h).**

68. Preceding Paragraphs 1 through 67 inclusive, are incorporated by reference as if fully set forth at length herein.

69. The Anti-Retaliation provision of the FCA prohibits an employer from retaliating against an employee "because of lawful acts done by the employee . . . in furtherance of an action."  31 U.S.C. §3730(h).

70. Defendants violated the anti-retaliation provisions of the False Claims Act by harassing Plaintiff and terminating her employment.

71. As set forth above, Plaintiff took action in furtherance of an FCA action; Defendants knew about these acts; and (3) Defendants discriminated against the Plaintiff because of such conduct.

72. Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VII
## VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER ACT
## 43 P.S. 1421, *et seq.*

73. Preceding Paragraphs 1 through 72 inclusive, are incorporated by reference as if fully set forth at length herein.

74. As set forth above, Defendants discharged, threatened, and discriminated or retaliated against Plaintiff in compensation or in terms or conditions of employment because she made a good faith report to the employer and to an "appropriate authority" (namely the FBI) about an instance of "wrongdoing or waste."

75. Defendants also discriminated and retaliated against Plaintiff because she had been requested by an appropriate authority (FBI) to participate in an investigation, hearing or inquiry regarding the employer's alleged wrongdoing or waste.

76. Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## COUNT VIII
## WRONGFUL DISCHARGE

77. Preceding Paragraphs 1 through 78 inclusive, are incorporated by reference as if fully set forth at length herein.

78. All of the foregoing actions by Defendants against Plaintiff were against the public policy of the Commonwealth of Pennsylvania, which encourages and

protects the reporting of waste, fraud and abuse in the use of public funds.

79. Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and other economic loss as may be available under the law and consistent with the evidence presented at trial, and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

80. Preceding Paragraphs 1 through 79 inclusive, are incorporated by reference as if fully set forth at length herein.

81. At all times relevant hereto, Defendant knew or should have known of the pattern of conduct in which Defendants had engaged and in which they continued to engage.

82. At all times relevant hereto, Defendant knew or should have known that the aforesaid pattern of conduct was in violation of the law.

83. Despite such knowledge Defendant failed to adequately investigate, discipline or discharge its agents, servants and representatives who sexually harassed Plaintiff, and/or failed or refused to take appropriate and prompt remedial action, and created a hostile work environment, sexually harassed and subjected Plaintiff to a hostile work environment, sexual harassment, sexual assault and disparate treatment.

84. Defendant knew that Defendant Unger had been accused of and committed sexual harassment respecting Plaintiff.

85. Defendant failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to further sexual harassment and

discrimination.

86. At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

## V. **PRAYER FOR RELIEF**

87. Preceding Paragraphs 1 through 86 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiffs request this Court to enter judgment in her favor and against Defendants and request that this Court:

a. Exercise jurisdiction over her claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages as may be available under applicable law;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants to compensate Plaintiff with an award of front pay, if appropriate under the law and evidence presented at trial;

f. Order Defendants to compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

g. Order Defendants to pay to Plaintiff punitive damages as may be available under applicable law, and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

h. Order Defendants to pay to Plaintiffs pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury.

                                  HAHALIS & KOUNOUPIS, P.C.

                                  By:/s/ George S. Kounoupis
                                      GEORGE S. KOUNOUPIS, ESQUIRE
                                      20 East Broad Street
                                      Bethlehem, PA  18018
                                      (610) 865-2608
                                      Attorneys for Plaintiff,
                                      Sherry Good

Dated: August 5, 2013