IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERRY GOOD,                                            :
                                Plaintiff                    :
                                                        :
                                                        :
        v.                                              :  No. 5:13:CV-4515
                                                        :
ENVIRONMENTAL ENERGY RECYCLING                          :
CORP., GREEN WORKS HOLDINGS, LLC,                        :
DAVE DUNHAM, RALPH TOMMASO,                              :
GREGORY PAGLIANITE, and                                 :
DEBORAH SPINOSA,                                         :
                                Defendants              :

**DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

        Defendants, Environmental Energy Recycling Corp., Green Works Holdings,

LLC, Dave Dunham, Ralph Tommaso, Gregory Paglianite, and Deborah Spinosa, pursuant to

F.R.C.P. 12(b)(6), submit the following Brief in Support of their Partial Motion to Dismiss

Plaintiff's Complaint.

**I.      INTRODUCTION AND PROCEDURAL HISTORY**

        According to the Complaint, Plaintiff was employed in 2009 as Risk

Manager/Fleet Manager with Green Works (the Complaint defines "Green Works" to mean both

Green Works Holdings, LLC and its subsidiary, Environmental Energy Recycling Corp.).

Complaint ¶ 24.  The Complaint alleges that Defendants Dave Dunham and Ralph Tommaso

subjected Plaintiff to various sexually offensive statements and insults.  Complaint ¶ 28.

        With respect to whistle-blowing violations, Plaintiff says that she learned from a

competitor's phone call that Defendants had falsified documentation "in support of requests for

Federal and State funding."  Complaint ¶ 31.  Plaintiff claims that she confronted Defendant

Gregory Paglianite ("Paglianite") with these allegations of illegal activity.  Complaint ¶ 32.

Plaintiff alleges that Paglianite demanded that she undergo a polygraph examination.  Complaint

1

SL1 1266180v1 107664.00001

¶ 33.  Finally, Plaintiff claims that she was discharged for "false and pretextual reasons."

Complaint ¶ 35.

Plaintiff has filed a Complaint alleging sexual harassment, sex discrimination,

retaliation and whistle-blower violations.  Plaintiff's eight-count Complaint asserts claims as

follows:

| | | |
|---|---|---|
| Count I | - | Title VII – Sexual Harassment and Sex Discrimination |
| Count II | - | Title VII – Retaliation |
| Count III | - | Negligence under Title VII |
| Count IV | - | Pennsylvania Human Relations Act – Sexual Harassment and Sex Discrimination and Retaliation |
| Count V | - | Pennsylvania Human Relations Act - - Aiding and Abetting Liability |
| Count VI | - | False Claims Act – Retaliation |
| Count VII | - | Pennsylvania Whistle-Blower Act |
| Count VIII | - | Wrongful Discharge |

## II.    ARGUMENT

### A.    Summary of Argument

First, Plaintiff's claims in Count VI of the Complaint for violations of

Section 3730(h) of the False Claims Act should be dismissed, because Plaintiff does not allege

that she filed or gave the employer reason to believe that she was about to file a qui tam action

alleging that Green Works presented false or fraudulent claims for payment by the United States

Government.  Accordingly, Count VI of the Complaint should be dismissed.

Second, Plaintiff's pendent claim for violation of the Pennsylvania

Whistle-Blower Act should be dismissed, because none of the Defendants in this case are alleged

to be "public employers," as required for an action brought under the Pennsylvania

Whistle-Blower Act.  Accordingly, Count VII of the Complaint should be dismissed, with

prejudice.

SL1 1266180v1 107664.00001

Third, Plaintiff's pendent claim for wrongful discharge should be dismissed, because Plaintiff has not alleged facts which fall within the narrow exceptions to the rule that Pennsylvania does not recognize an action for wrongful discharge.  Accordingly, Count VIII of the Complaint should be dismissed, with prejudice.

Fourth, Plaintiff's pendent claim for "aiding and abetting" liability under the Pennsylvania Human Relations Act should be dismissed as to Defendants, Deborah Spinosa ("Spinosa") and Gregory Paglianite, because no facts are alleged that these two Defendants aided or abetted any violations of the Pennsylvania Human Relations Act.  Accordingly, Plaintiff's "aiding and abetting" claims against Defendants Spinosa and Paglianite should be dismissed and the names of these Defendants should be removed from the caption of the case.

**B.      Legal Standards Under Fed. R. Civ. P. 12(b)(6)**

To survive a 12(b)(6) motion to dismiss, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  In deciding a motion to dismiss, the Court must disregard any legal conclusions set forth in a plaintiff's complaint." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  A plaintiff must allege facts in her complaint that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In *Ashcroft v. Iqbal*, -- U.S. --, --, 129 S.Ct. 1937, 1949 (2009), the Court held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (citing *Twombly*, 550 U.S. at 570).  Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*.

SL1 1266180v1 107664.00001

C.   **Plaintiff's Claim For Retaliation Under The False Claims Act**
**Should Be Dismissed For Failure To**
**State A Claim Upon Which Relief Can Be Granted.**

Section 3730(h) of the False Claims Act, 31 U.S.C. § 3730(h) provides:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employer or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employee whole.

To establish that an employer has retaliated against an employee who has filed (or given the employer reason to believe he is about to file) a qui tam action alleging that the employer has presented false or fraudulent claims for payment by the United States government, the plaintiff must satisfy a two-prong test: he must show (1) he engaged in protected conduct (i.e., acts done in furtherance of an action under § 3730); and (2) that he was discriminated against because of his protected conduct.  United States ex rel. Hefner v. Hackensack Univ. Medical Ctr., 495 F.3d 103, 110 (3rd Cir. 2007), quoting Hutchins v. Wilentz, Goldman & Spitzer, 253 F.3d 176, 183 (3rd Cir. 2001), cert. denied, 536 U.S. 906, 122 S. Ct. 2360, 153 L.Ed. 2nd 182 (2002).

Here, Plaintiff alleges that she learned "from a competitor's phone call" that Defendants had falsified documentation "in support of requests for Federal and State funding." Complaint ¶ 31.  Plaintiff alleges that she confronted Defendant with these allegations of illegal activity.  Complaint ¶ 32.  However, since Plaintiff does not allege that she filed or was about to file a qui tam action, Plaintiff's False Claim Act allegations fail and, accordingly, Count VI of the Complaint should be dismissed.

SL1 1266180v1 107664.00001

**D.      Plaintiff's Claim For Violation Of The Pennsylvania
Whistle-Blower Act Should Be Dismissed For Failure
To State A Claim Upon Which Relief Can Be Granted.**

The Pennsylvania Whistleblower Law, 43 P.S. 1421, et seq. makes it unlawful for

an employer to:

> Discharge, threaten or otherwise discriminate or retaliate
> against an employee regarding the employee's
> compensation, terms, conditions, locations or privileges of
> employment because the employee or a person acting on
> behalf of the employee makes a good faith report or is
> about to report, verbally or in writing, to the employer or
> appropriate authority an instance of wrongdoing or waste.

An "employer" is defined as a "person supervising one or more employees,

including the employee in question; a superior of that supervisor; or an agent of a public body."

Id. § 1422.  An "employee" is defined as a "person who performs a service for wages or other

remuneration under a contract of hire, written or oral, express or implied, for a public body."  Id.

A "public body" includes a "body which is created by Commonwealth or political subdivision

authority or which is funded in any amount by or through Commonwealth or political

subdivision authority or a member or employee of that body."

Federal courts in Pennsylvania have held that the "legislature did not intend that

the mere receipt of monies from a state source for services rendered should bring the recipient

within the Whistleblower Law".  Tanay v. Encore Healthcare, LLC, 810 F.Supp.2d 734, 742

(E.D. 2011) (citing Cohen v. Slick Health Care, Inc., 772 F.Supp. 1521 (E.D. Pa. 1991).

Here, Count VII of Plaintiff's Complaint fails to allege that any of the Defendants

were "public bodies" within the Whistleblower Law.  Although Paragraph 31 of the Complaint

makes an oblique reference to the receipt of federal and state funding in connection with

contracts, no activity alleged in the Complaint would bring any of the Defendants within the

5

ambit of the Whistleblower Law.  Accordingly, Count VII of the Complaint should be dismissed,

with prejudice.

        **E.**        **Plaintiff's Claim For Wrongful Discharge Should Be Dismissed**
                        **For Failure to State a Claim Upon Which Relief Can Be Granted.**

Under Pennsylvania Law, employers enjoy an almost unfettered right to terminate

a worker without cause.  Henry v. Pittsburgh & L.E.R. Co., 139 Pa. 289, 21 A. 157 (Pa. 1891)

("a railroad corporation, or an individual, may discharge an employee with or without cause at

pleasure, unless restrained by some contract . . ."); Weaver v. Harpster, 601 Pa. 488, 975 A.2d

555, 562 (Pa. 2009) ("In Pennsylvania, absent a statutory or contractual provision to the contrary,

either party may terminate an employment relationship for any or no reason.") (citing *Geary v.*

*U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174, 176 (Pa. 1974)).  Pennsylvania courts have

recognized narrow public policy exceptions limited to situations in which an employer:  (1)

requires an employee to commit a crime; (2) prevents an employee from complying with a

statutorily imposed duty; and (3) discharges an employee when specifically prohibited from

doing so by statute.  Medley v. Sugarhouse Hsp Gaming, L.P., 2013 WL 1157349 *3 (E.D. Pa.

2013) (citing Tanay v. Encore Healthcare, LLC, 810 F.Supp2d 734, 738 (E.D. Pa. 2011);

Goodwin v. Moyer, 549 F.Supp.2d 621, 636 (M.D. Pa. 2006) (citing Ritter v. Pepsi Cola

Operating Co. of Chesapeake & Indianapolis, 785 F.Supp 61, 63-64, (E.D. Pa. 1992)).

In the instant case, Plaintiff alleges that, "all of the foregoing actions by

Defendants against Plaintiff were against the public policy of the Commonwealth of Pennsylvania

which encourages and protects the reporting of waste, fraud and abuse in the use of public funds."

Complaint ¶ 78.  Plaintiff does not allege that she was required to commit a crime, prevented from

complying with a statutory duty or that her firing was prohibited by statute.  cf. Medley v.

SL1 1266180v1 107664.00001

Sugarhouse Hsp Gaming, L.P., supra.  Because the Complaint does not allege facts which fall

within the public policy exceptions to the employment at will doctrine, Plaintiff's claim for

wrongful discharge should be dismissed.  Smith v. Calgon Carbon Corp., 917 F.2d 1338, 1345-46

(3d Cir. 1990) (an employee who was charged with maintaining a company's inventory on toxic

materials had no cause of action when discharged for reporting a possible leak of caustic soda,

after supervisors instructed him not to report the leak); Brown v. Hammond, 810 F.Supp. 644,

647 (E.D. Pa. 1993) ("Plaintiff's termination for gratuitously alerting others about defendants'

improper billing practice does not violate the type of significant, clearly mandated public policy

required to satisfy the very narrow exception to Pennsylvania's rigid at-will employment

doctrine"); Plemmons v. Pennsylvania Mfrs. Assn. Ins. Co., Div. A. No. 90-2495, 1991 W.L.

125982, at *9-10 (E.D. Pa. 1991) (dismissing wrongful discharge claim where employee was

terminated for opposing the company's practice of reducing reserves below the amount mandated

by the Pennsylvania Unfair Insurance Practices Act, where the employee could not show that he

was charged either by the law or the company with insuring the adequacy of the reserves);

Callahan v. Scott Paper Co., 541 F. Supp. 550, 563 (A.D. Pa. 1982) (finding that "employer's

interest is paramount where the employee objects to pricing decisions of his employer on the

grounds that they caused harm to competition"); Geary v. U.S. Steel Corp., supra, at 183-185 (the

discharge of an employee for complaining about allegedly defective products to management did

not state a cognizable claim under Pennsylvania law).

Accordingly, Plaintiff's claim set forth in Count VII of the Complaint for

wrongful discharge should be dismissed.

F.     **Plaintiff's "Aiding And Abetting" Claims Against
Defendants Spinosa And Paglionite Should Be Dismissed.**

Section 955(e) of the Pennsylvania Human Relations Act forbids "any person,

employer, employment agency, labor organization or employee, to aid, abet, incite, compel, or

coerce the doing of any act declared by this section to be an unlawful discriminatory practice…."

An individual defendant who is a supervisory employee may be held liable pursuant to this

section under an "aiding and abetting" or accomplice theory of liability.  Chan v. County of

Lancaster, 2013 WL 2412168 *27 (E.D. Pa. 2013) (citing Holocheck v. Luzerne County Head

Start, Inc., 385 F.Supp.2d 491, 496-497 (M.D. 2005); Clinkscales v. The Children's Hospital of

Philadelphia, 2007 U.S. Dist. LEXIS 83930, *24-26, 2007 WL 3355604 (E.D. Pa. 2007).

In this case, Plaintiff has alleged that Defendants Dave Dunham and Ralph

Tomasso made sexually offensive remarks to Plaintiff in the workplace.  However, Plaintiff's

Complaint contains no allegations that either of Defendants Debra Spinosa or Paglianite made

such remarks or knew about any alleged sexual harassment.  Other than identifying Spinosa and

Paglianite as supervisory employees, the Complaint contains no allegations of any kind that

would support "aiding and abetting" claims against Spinosa or Paglianite.  The mere allegation

of supervisory status is not sufficient to make out a claim of "aiding and abetting liability" under

Section 955(e).  Dici v. Commonwealth of Pennsylvnia, 91 F.3d 542, 552 (3d Cir. 1996); Thorpe

v. The Reading Hospital, 2006 WL 3196456 (E.D. 2006).

Accordingly, Plaintiff's "aiding and abetting" claims against Defendants Spinosa

and Paglianite should be dismissed and the names of these Defendants should be removed from

the caption of the case.

SL1 1266180v1 107664.00001

III.     **CONCLUSION**

Based upon the foregoing, Defendants, Environmental Energy Recycling Corp.,

Green Works Holdings, LLC, Dave Dunham, Ralph Tommaso, Gregory Paglianite, and Deborah

Spinosa, respectfully request that this Honorable Court enter an Order dismissing (1) Count VI

of the Complaint – False Claims Act, (2) Count VII of the Complaint – Pennsylvania

Whistleblower, (3) Count VIII of the Complaint – Wrongful Discharge and (4) the "aiding and

abetting" claims in Count V of the Complaint against Defendants Spinosa and Paglianite.

STEVENS & LEE


Dated:  October 30, 2013                    By */s/ R. Michael Carr*_____
                                            R. Michael Carr
                                            Attorney ID No. 30202
                                            190 Brodhead Road, Suite 200
                                            Bethlehem, PA   18017
                                            Direct Dial:  610-997-5069
                                            Direct Fax:   610-371-8502
                                            Email:  rmc@stevenslee.com

                                            Attorneys for Defendants

SL1 1266180v1 107664.00001

## CERTIFICATE OF SERVICE

I, R. Michael Carr, certify that on this date, the foregoing Brief in Support of

Partial Motion to Dismiss was filed electronically and is available for viewing on the Court's

ECF system, and I served a certified true and correct copy of the foregoing Brief upon the

following counsel of record, by depositing the same in the United States mail, postage prepaid,

addressed as follows:

> George S. Kounoupis, Esquire
> Hahalis & Kounoupis, P.C.
> 20 East Broad Street
> Bethlehem, PA  18018

Dated:  October 30, 2013                    */s/ R. Michael Carr*_____
                                            R. Michael Carr